## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

DONNA DAVIS,

     Plaintiff,

v.                                   Case No. 2:23-cv-2314-MSN-tmp

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

     Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Chief Magistrate Judge Pham's Report and Recommendation (ECF No. 23, "Report") on Plaintiff's Complaint seeking judicial review of a Social Security decision. The Report recommends that the decision of the Commissioner of Social Security ("Commissioner") be affirmed.

## <u>BACKGROUND</u>

As set forth in the Report, Plaintiff's appeal argues that the Administrative Law Judge ("ALJ") erred in his evaluation of (1) her impairments at step two, and (2) her residual functional capacity ("RFC"). (*See* ECF No. 23 at PageID 1909.) She asks the Court to reverse the ALJ's decision for payment of benefits. (*Id.*)

The Report begins by discussing the standard for judicial review of a final decision made by the Commissioner and the five-step sequential analysis set forth in the Social Security Regulations that is used to determine a claimant's entitlement to social security benefits. (*Id.* at PageID 1909–12.) The Report then addresses the ALJ's consideration of Plaintiff's impairments,

noting the ALJ "created a lengthy record, giving due consideration to each of [Plaintiff's] alleged impairments in evaluating their severity." (*Id.* at PageID 1913.) The Report also discusses the ALJ's conclusions and weight of the evaluations of Dr. Collier and Dr. Janovich, finding that the ALJ gave the evaluations "significant and sufficient consideration." (*Id.* at PageID 1914.) The Report ultimately concludes that there is substantial evidence to support the ALJ's step two findings as to Plaintiff's impairments. (*Id.* at PageID 1915.)

Next, the Report addresses Plaintiff's arguments that the ALJ's RFC determination was erroneous because (1) the ALJ's decision relied on non-examining state agency medical findings, citing *Richardson v. Perales*, 402 U.S. 389 (1971); (2) the Social Security Administration's 2017 regulatory changes were unlawful; and (3) the ALJ discounted the RFC determinations of Dr. Collier and Dr. Janovich. (*Id.* at PageID 1915–19.) The Report thoughtfully addresses each of these arguments and concludes that none have merit. (*Id.*)

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection

is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION AND CONCLUSION

Chief Magistrate Judge Pham issued his Report on December 20, 2023. The Report warned that objections were due within 14 days after being served with a copy of the Report and failure to object may constitute a waiver of any objections, exceptions, and any further appeal. To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. The Court has reviewed the Report for clear error and finds none. Accordingly,

the Court **ADOPTS** the Report in its entirety and **AFFIRMS** the decision of the Commissioner of Social Security.

      **IT IS SO ORDERED**, this 10th day of January, 2024.

*s/ Mark S. Norris*

MARK S. NORRIS
UNITED STATES DISTRICT JUDGE